**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
New York

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT DOUBLE UNITED STATES BASIS OFFICERS RAJ K. PATEL, from his individual capacity, *Plaintiff* | No. 26-04703 |
| v. | Dated: October 10, 2026 |
| THE UNITED STATES, *Defendant* | |

## PRO SE COMPLAINT

1. Plaintiff Raj K. Patel files pro se under 28 U.S.C. §§ 1581(i) & 1585.

2. Filings by pro se plaintiffs are reviewed with a more lenient standard than filings made by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007).

## JURISDICTION

3. Plaintiff Patel comes before this court for common law remedies under 28 U.S.C. § 1581(i) and Articles XVII & XVIII(10) of the General Agreement on Tariffs and Trade of 1994. *Francis Coralie Mullin v. The Adm'r*, 1981 AIR 746 (India 1981). *Mohini v. St. of Karnataka*, AIR 1992 SC 1858 (India 1992). *Chamali Singh v. St. of U.P.*, AIR 1996 SC 1051 (India 1996). *St. of Punjab v. Ramdev Singh*, AIR 2004 SC 1290 (India 2004).

4. Plaintiff Patel comes before this court for common law remedies under the human rights effects of Agreement between the United States of America, the United Mexican States, and Canada. Particularly, Plaintiff Patel concentrates on intellectual property and environmental and public health impact on eco-gender.

5. Plaintiff Patel comes before this court for common law remedies under Article 8 of the Doha Declaration on the TRIPS Agreement and Public Health of the World Trade Organization in regards to promoting public health, eco-gender.

6. Plaintiff Patel comes before this court for common law remedies under Trump-Modi COMPACT in promoting businesses of dual citizens.

7. Plaintiff Patel comes before this court for common law remedies under Article 2.4 of Economic and Trade Agreement Between the Government of the United States of America and the Government of the People's Republic of China.

**FACTS**

8. Patel is a natural-born citizen of the United States residing in Zionsville, Indiana, and he is an Oversees Citizen of India residing here in the United States.

9. Patel's tenure at Notre Dame Law School was forced to be terminated in November 2017 because of unbearable inflictions of emotional distress in the form of depression.

10. The inflictions of emotional distress in the form of depression were pre-existing to his application for admissions to Notre Dame Law School and escalated in October 2013 when he was student government president at Emory University in Atlanta, Georgia.

11. In 2018, Patel's depression began to include the reverse growing of his own penis.

12. The United States is responsible for Patel's misfortunate.

13. Patel knows the United States shares its penis amendment technologies or "censorship" technologies with countries around the world and the parties into the trade agreements plead here. Concurrent efforts are also a part of foreign nation building initiatives but done by the United States Department of State.

14. Patel wants his penis set at his subjective measurements, in accordance with first-world eco-gender theories, to maintain his privacy.

15. China promises both length and girth penis size increases on in its medical facilities via its sciences on its free market.

16. The Indian Supreme Court in New Delhi holds that eco-gender is to authorized in accordance to the development of the country of resident on the Indian. Therefore, here, the first-world order in Top 1% of People of the United States.

17. One of Patel's life aspirations was to be the first leading Indian-American porn star in America since 2006, in furtherance of his other career goals.

18. This complaint follows.

## STATEMENT OF CLAIMS

19. Claims shall be read in the singular and combination of two or more Defendants.

20. Various liability of agents, for which the United States is respondent superior, should be considered for each claim.

### Claim 1. 28 U.S.C. § 1581(i)(1), G.A.T.T. of 1994, Article XVII & XVIII(10)
19 U.S.C. § 3512(c)(1)

- Patel incorporates the paragraphs above.
- Defendant United States prevented bringing in Chinese technologies under treaty that would allow medical intervention and is "mutually beneficial" to the United States and the foreign country, upon which Plaintiff Patel relied upon.
- Defendants United States caused the breach.
- Patel suffered damages from the United States.
- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

### Claim 2. Due Process – Article 8 of Doha Declaration
(re-set penis as his size)

- Patel incorporates the paragraphs above.
- Defendant United States breached its duties under international trade regulations in protecting and promoting its own public health over those of other countries when it allowed for Patel's penis to be re-set without his consent in accordance with values in the first world development.
- Defendants United States caused the breach.
- Patel suffered damages from the United States.
- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

**Claim 3. Equitable Remedy**
(re-set penis size)

- Patel incorporates the paragraphs above.
- Therefore, Patel respectfully requests this court the same under due course of law.

**Claim 4. Due Process – Modi-Trump COMPACT**
(deprivation of life)

- Patel incorporates the paragraphs above.
- Plaintiff Patel was deprived of life when his penis was re-set to a size smaller than what he usually had until April 2018 which removed him from being the professional porn star he always wanted to be since 2006.
- Defendant United States caused this deprivation of life.
- Patel looks to reconsider the status quo ante on his penis.
- Patel suffered damages from the United States.

**Claim 5. Equitable Remedy**
(deprivation of life)

- Patel incorporates the paragraphs above.
- Patel suffered damages from Defendant.

**Claim 6. Due Process – Article 2.4 U.S-China ETA**
(alternative access to medicine)

- Patel incorporates the paragraphs above.

- Defendant United States violated Patel's due process and deprived him of life when it refused to ask and receive a hospital medical technology transfer between Chian and the USA that promises both length and girth size increases to penis.

- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

**Claim 7. Equitable Remedy**
(alternative access to medicine)

- Patel incorporates the paragraphs above.

- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

**Claim 8. Common Law Equitable Remedy – USA-UMS-Canada & Others Trade Deals**
(Deprivation of Liberty // Ordered Liberty)

- Patel incorporates the paragraphs above.

- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

**Claim 9. Trade-Law Access to Imported Medical Technology**
(limb enlargement technology and medical access)

- Patel incorporates the paragraphs above.

- Patel alleges that foreign medical technology for limb enlargement is merchandise, know-how, service capacity, or intellectual property affected by international trade laws and agreements.

- Patel alleges that Defendant United States, through trade administration, import regulation, licensing, technology-transfer policy, customs enforcement, or public-health trade policy, failed to provide a lawful path for access to the requested limb enlargement technology.

- Patel alleges that this failure deprived him of the claimed benefit of trade agreements that promote access to medical technology, public health, intellectual property balancing, and mutually beneficial commerce.

- Patel seeks declaratory and equitable relief requiring the United States to identify, permit, or not obstruct any lawful trade channel for access to the requested medical technology, subject to applicable health, safety, and regulatory requirements.

**Claim 10. Alternative Claim for Reviewable Agency Action**
(trade administration, technology transfer, and medical access)

- Patel incorporates the paragraphs above.

- In the alternative, Patel alleges that any refusal, delay, or failure to act concerning access to foreign limb enlargement technology is reviewable because it arises from the administration

or enforcement of laws relating to importation, trade restrictions, technology transfer, intellectual property, or public-health trade policy.

- Patel alleges that the United States acted arbitrarily, exceeded its authority, or failed to exercise lawful discretion by not recognizing a trade-law route for access to the requested medical technology.
- Patel seeks a declaration of rights and an order requiring the United States to consider the request under the proper trade-law framework, without requiring the Court to practice medicine or approve any specific medical procedure.

**RELIEF SOUGHT**

As provable the following award damages and issue writ, or under the re-characterization of this pleading, with aid of the inherited and inherent federal common law, to Plaintiff T.2E Patel against the Defendant United States:

- Have Patel's penis re-set by the appropriate legal remedy or device, including under due process and equal protection clause.
- Award restitution damages of $50,000,000.
- Award mental pain and suffering damages of $330,000,000.
- Grant the abilities he was deprived of.
- Any other remedy the court thinks proper in furtherance of Plaintiff's interests.

Sincerely,

/s/ Raj K. Patel
T.E.,E. Raj K. Patel, AA, BA, JD*
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001 (cell)
rajp2010@gmail.com

# CERTIFICATION OF SERVICE

I provided service to the following individuals on 10th Day of October 2026 with R. 5(d)(5) Motion to Compel Acceptance, complaint, IFP motion, form 5, form 13, and summons:

**United States**
Clerk of U.S. Court of International Trade

Sincerely,

/s/ Raj K. Patel
T.2E Raj K. Patel, AA, BA, JD*
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001 (cell)
rajp2010@gmail.com

RECEIVED & FILED
2026 OCT 16 P 5: 12
US COURT OF
INTERNATIONAL TRADE
OFFICE OF THE CLERK